United States District Court
Southern District of Texas
**ENTERED**
August 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY L. HUTCHINSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-2294 |
| | § | |
| FRANKLIN CREDIT MANAGEMENT CORPORATION, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Anthony Hutchinson, a homeowner and borrower, sued Franklin Credit Management Corporation, which holds the secondary lien mortgage loan on the property, in state court. Hutchinson sought an injunction to stop foreclosure. Franklin Credit Management Corporation removed and moved to dismiss. Hutchinson did not respond.

Hutchinson alleges that the first lienholder foreclosed on the property in February 2012, but after years of litigation, that foreclosure sale was rescinded and he paid off that first lien mortgage. (Docket Entry No. 1-1 at 33). In June 2018, Franklin renewed sending mortgagee statements. Hutchinson sued Franklin in federal district court, alleging wrongful foreclosure and negligence, arguing that the rescission of the first lienholder's foreclosure and the payment of that lien extinguished the second lien. Another court in this district concluded that Franklin's lien was revived when the first lienholder's foreclosure sale was rescinded and granted summary judgment for Franklin. *Hutchinson v. Franklin Credit Management Corporation*, No. 20-2198 (S.D. Tex. Mar. 31, 2022).

Hutchinson argues in this case that Franklin cannot foreclose because it did not provide notice to the first lienholder, Ocwen Loan Servicing, LLC. (Docket Entry No. 1-1 at 35). This

argument is moot based on Hutchinson's allegation, and Judge Hanks's conclusion, that Hutchinson already paid off the first lien mortgage. (Docket Entry No. 1-1 at 33). Hutchinson's claims also fail because junior lienholders do not have to provide notice of a foreclosure sale to senior lienholders under Texas law. *Kenneth D. Eichner, P.C. v. Dominguez*, No. 14-18-00399-CV, 2020 Tex. App. LEXIS 1813, *9 (Tex. App.—Houston [14th Dist.] Mar. 3, 2020), *rev'd on other grounds*, 623 S.W.3d 358 (Tex. 2021); Tex. Prop. Code Ann. § 51.002(d).

The court grants the motion to dismiss with prejudice on the ground that Hutchinson has failed to state a claim and that amendment would be futile. The court grants the motion for the additional reason that Hutchinson has failed to prosecute by not responding to the motion to dismiss. Federal Rule of Civil Procedure 41(b).

SIGNED on August 10, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge